IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



| | |
|---|---|
| BUILDERS MANAGEMENT INSURANCE CO., ) ) Plaintiff, ) v. ) ) R.G. MANAGEMENT SERVICES, ) INC., et al., ) Defendant. ) ) | Civil Action No. 1:08cv383 |

## MEMORANDUM OPINION

This case is before the Court on Cross Motions for Summary Judgment.

This declaratory judgment action was initiated by Builders Mutual against defendants, R.G. Management Services, Inc. ("R.G. Management") and Airston Group IV, Inc. ("Airston IV"), seeking a declaration that it is not obligated to defend and indemnify R.G. Management and Airston IV in the underlying litigation because there is no insurance coverage under the terms and conditions of the Builders Mutual policies.

The underlying lawsuit was brought in the Circuit Court for Culpeper County, Virginia, Case No. CL06000470-00, in January 2007, by Plaintiff Justin Everett Peck ("Peck"). The Peck lawsuit alleges that R.G. and Airston IV are in the residential construction business and that R.G. is owned and/or controlled by Airston IV.

The underlying Complaint alleges that on December 8, 2004, Peck was employed by R.G. and/or Airston IV and was assigned to work at a new residential construction site. That in September 2004, Peck sustained an epileptic seizure, and the management and supervisory employees of R.G./Airston IV were notified of his seizures and that such seizures were exacerbated by stress. Peck further alleges that in response, his employers made certain accommodations to reduce or avoid the risk of injury from seizures.

The underlying Complaint alleges that on December 8, 2004, R.G./Airston IV assigned Peck to a new job site without those accommodations. Peck alleges that while attempting to comply with R.G./Airston's directives, he became distressed and overheated, sustained a seizure, fell onto pavement, and sustained bodily injury. The Complaint alleges, among other things, that R.G./Airston IV breached their duty to provide a reasonably safe work environment to Peck, deliberately, willfully and knowingly assigned to Peck to an unreasonably dangerous jobsite, knowing that Peck was not suited to work at the site due to his seizure history, and that working at the site was likely to cause injury.

The Complaint states that Peck's claim regarding this incident was originally brought and denied before the Virginia Workers' Compensation Commission, which decision was affirmed by the Court of Appeals of Virginia. The worker's compensation claim was denied by the Deputy Commissioner and that denial was affirmed by the

Virginia Workers' Compensation Commission, on May 5, 2006, VWC File No. 22-86-15. The Court of Appeals of Virginia, affirmed that decision on October 10, 2006.

Builders Mutual Insurance Company issued Commercial Package Policy No. CPP 0005992 03 to Airston Group III Inc., effective November, 15, 2004 to November 15, 2005 with General Liability limits of $1,000,000 for each occurrence.

Also, Builders Mutual Insurance Company issued the following Commercial Umbrella Liability Policies to Airston Group III, Inc.: Policy No. 0001656 00 05, effective November 15, 2001 to November 15, 2002; Policy No. 0001656 01 05; effective November 15, 2002 to November 15, 2003; and Policy No. 0001656 02 05, effective November 15, 2003 to January 9, 2004.

On February 5, 2007, an agent for R.G. and Airston IV forwarded the underlying Peck Complaint to Builders Mutual seeking coverage for the underlying complaint. In response to this notice, Builders Mutual indicated that there was no coverage to R.G. and Airston IV under any of the policies it had issued to Airston III, and suggested the referral to the worker's compensation carrier for defense under the policy's Employer's Liability coverage (Coverage B). Builders Mutual has advised R.G. and Airston IV that it continues to be of the position that there is no coverage for either R.G. and/or Airston IV with respect to the underlying lawsuit, for several reasons, including that: (1) the last umbrella

policy issued by Builders Mutual to Airston III was cancelled prior to the incident involving Mr. Peck; and (2) the Commercial General Liability and Commercial Umbrella policies issued to Airston III contain Employers Liability Exclusions which exclude coverage for bodily injury to an employee of the insured arising out of and in the course of employment by the insured, whether the insured may be liable as an employer or in any other capacity. This coverage for the allegations alleged in the Complaint are excluded under these policies.

Plaintiff's Motion For Summary Judgment is brought pursuant to Fed. R. Civ. P. 56. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a court should grant a motion for summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). In deciding the motion, the Court must consider whether a reasonable jury could find in favor of the non-moving party, taking all inferences to be drawn from the underlying facts in light most favorable to the non-movant. See, e.g., Helm v. Western Maryland Ry. Co., 838 F.2d 729, 734 (4th Cir. 1988); Anderson, 477 U.S. at 255. See also In Re Apex Express Corp., 190 F.3d 624, 633 (4th Cir. 1999). If the record, taken as a whole, cannot lead the trier of fact to find for the non-moving party, there is no genuine issue for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574 (1986).

Virginia law applies to the interpretation of the insurance policies issued by Builders Mutual since they were issued to the insured in Virginia. In Virginia, an insurance carrier owes its insured a duty to defend where facts are alleged in the underlying claim against the insured that potentially give rise to a claim covered by the policy. Id.; Jefferson-Pilot Fire & Cas. Co. v. Boothe, Prichard & Dudley, 638 F.2d 670 (4th Cir. 1980); Travelers Indemnity Co. v. Obenshain, 219 Va. 44, 245 S.E.2d 247 (1978). The insurance company owes no duty to defend when there is no potential claim on which the insured may be entitled to indemnity. Jefferson-Pilot, 638 F.2d at 674, citing Lerner v. GEICO, 219 Va. 101, 245 S.E.2d 249 (1978).

Under Virginia law, to determine whether an insurer has a duty to defend, a court must examine: (1) the language of the policy of insurance; and (2) the allegations in the underlying complaint. Town Crier, Inc. v. Hume, 721 F.Supp 99, 103 (E.D. Va. 1989) aff'd, 907 F.2d 1140 (4th Cir. 1990); Reisen v. Aetna Life & Cas. Co., 225 Va. 327, 331, 302 S.E.2d 529, 531 (1983). The insurer must defend if there is any potentiality that the claim, as stated in the pleadings, could be covered by the policy, but the insurer need not go beyond the allegations in the complaint in determining its duty to defend. Travelers Indemnity Co. v. Obenshain, 219 Va. 44, 245 S.E.2d 247 (1978).

The Commercial General Liability and Commercial Umbrella policies issued to Airston III contain Employers Liability Exclusions. It is clear that coverage for the allegations alleged in the Complaint are excluded under the clear terms of these exclusions.

The Commercial General Liability policy contains an Employers Liability Exclusion which excludes coverage for "Bodily Injury" to an "employee" of the insured "arising out of and in the course of employment by the insured" and the exclusion states that it applies "whether the insured may be liable as an employer or in any other capacity." The Commercial Umbrella policies contain Employer's Liability Exclusions which state, "This insurance does not apply...to "bodily injury" to any employee of the insured arising out of and in the course of his employment by the insured for which the insured may be held liable as an employer or in any other capacity."

These exclusions clearly relieve Builders Mutual of any duty to defend and indemnify the defendants in the underlying litigation, as the exclusions unambiguously state that the policy does not apply to "bodily injury" to an "employee" of the insured arising out of and in the course of employment by the insured. Peck has alleged in the Complaint that he was injured while he was employed by R.G./Airston, on assignment by R.G. Airston, and while attempting to comply with his employer's directives.

Other courts have previously found that this exclusion precluded coverage in a similar set of circumstances upholding similar exclusionary language to preclude coverage for workplace claims. The Court pointed out that two of those cases are from this federal circuit or district: <u>Gates, Hudson Assoc. v. Federal Ins. Co.</u>, 141 F.3d 500 (4th Cir. 1997) (Employers Liability Exclusion precluded coverage in a workplace employee sexual harassment and wrongful termination matter); and <u>West American Ins. Co. v. Bank of Isle of Wight</u>, 673 F.Supp. 760 (E.D. Va. 1987) (Employer's Liability exclusion precluded coverage of underlying action by former employee alleging wrongful termination since the allegations indicated that the employee's injuries arose in the course of his employment and related to his activity as an employee). <u>State Farm Fire & Cas. Co. v. Singh</u>, Civil Action No. 3:05CV834, 2006 U.S. Dist. LEXIS 33474 (E.D. Va. 2006).

The Supreme Court of Virginia has ruled that insurance contracts should not be interpreted by referencing Workers' Compensation statute. <u>Virginia Electric and Power Co. v. Northbrook Property and Casualty Ins. Co.</u>, 252 Va. 265, 475 S.E.2d 264 (1996) (statutory definitions from Workers' Compensation Act should not be applied to terms in an insurance contract unless the policy provides by reference to the specific statute that the statutory definition applies) and <u>American Reliance Ins. Co. v. Mitchell</u>, 238 Va. 543, 548, 385 S.E.2d 583, 586 (1989) (words in

insurance contract given their plan meaning absent a specific reference to the Workers' Compensation Act in the policy).

Here, the Complaint alleges that Peck was employed by R.G./Airston at the time of the injury, was assigned to work at a new residential construction site, and was injured while attempting to comply with R.G./Airston's directives. It is clear that bodily injury resulting from these allegations are precluded by the Employers Liability exclusions in the policies issued by Builders Mutual.

For these reasons the Plaintiff's Motion For Summary Judgment should be granted and Defendant's Motion For Summary Judgment should be denied and Defendant's Motion To Dismiss should be denied as moot.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
~~September~~ Oct 7, 2008